# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| Woodside Village II Condominium Association, Inc. and Claim & Construction Management Group, LLC, | ) ) ) ) |
| Plaintiffs, | ) Case No. 1:21-cv-02136-RMR-NYW ) ) |
| v. | ) ) |
| AmGUARD Insurance Company and WestGUARD Insurance Company, | ) ) ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

To protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, the PARTIES stipulate and request that the Court approve and enter the following Joint Stipulated Protective Order:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34 (a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated as "CONFIDENTIAL" shall be information that is confidential and implicates: (a) the proprietary, confidential, competitively sensitive and/or "trade secret" information as defined by C.R.S. § 7- 74- 102 (4) of a party and/or its related entities as provided by in Fed. R. Civ. P. 26(c)(1)(G) of a party; (b) any individual's common law or statutory

privacy interests. For purposes of this Order, this information shall be referred to as "CONFIDENTIAL Information." CONFIDENTIAL Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

(a) attorneys actively working on this case;
(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;
(c) the parties, including their designated representatives;
(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;
(e) the Court and its employees;
(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
(g) deponents, witnesses, or potential witnesses;
(h) any mediator or arbitrator selected with the consent of all parties or by the Court; and
(i) other persons by written agreement of the parties prior to such disclosure.

5. Documents are designated as CONFIDENTIAL, <u>only after good faith review by counsel of record,</u> by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

6. Prior to disclosing any information considered CONFIDENTIAL to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7. In the event that CONFIDENTIAL Information is inadvertently produced without designating such documents or information "CONFIDENTIAL," the parties claiming confidentiality shall properly designate such documents or information as "CONFIDENTIAL," and the other party shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such CONFIDENTIAL Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions on a page and line basis as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion, consistent with D.C.COLO.LCivR 7.2, requesting that the Court determine whether the

disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL".

10. If any party or person subject to this Protective Order receives a court order, subpoena, or other process demanding production of information designated as CONFIDENTIAL, that person or party shall immediately notify the attorneys of the designating party of the documents sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the designating party whose interests may be affected. The designating party shall have the burden of defending against the subpoena, process, or order. After such notice and the passage of at least forty-eight (48) hours or designated time for production, whichever is greater, the party served with the order, subpoena, or other process shall comply with his or her legal obligation to produce such documents, except to the extent the designating party has filed for or succeeded in obtaining an order modifying, staying, or quashing the order, subpoena, or other process.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL. Where the parties agree to destroy such

documents, the destroying party shall provide all parties with written confirmation confirming the destruction. Documents designated as CONFIDENTIAL may not thereafter be used or disclosed by any party, expert, consultant, or attorney in any other case or for any purpose unrelated to this case.

12. This Protective Order shall not preclude the use of any documents, material, or information that is in the public domain or that is developed independently without the use of the use of the CONFIDENTIAL information ("Non-Confidential Information"). All disputes relating to Non-Confidential Information shall be brought to the undersigned's attention.

Dated this 13th day of January, 2022.

BY THE COURT:

_____
Honorable Nina Y. Wang
United States Magistrate Judge